Ruffin, C. J.
 

 This case, we think, depends on thejsame principle, on which we decided that of
 
 Burke
 
 v
 
 Elliott,
 
 at the present term; and it would seem as if there could be no case, to which that principle could be more properly applied, or which could more clearly shew its soundness and necessity. The principle is, that the acts of officers
 
 defacto,
 
 acting openly and notoriously in the exercise of the office for a considerable length of time, must be held as effectual, when they concern the rights of third persons or the public, as if they were the acts of rightful officers. The general reasons for the position and the authorities in support of it need not be here repeated, it being sufficient to refer to them as given in the opinion delivered in the case cited.
 
 It may
 
 be observed, however, that, those reasons have a peculiar force in their application to the office of register and to the circumstances of this case. Under our registry laws that
 
 *371
 
 office is one of absolute necessity to the citizen ; and, in reference to mortgages and deeds of trust, (under a deed of •which latter kind the defendant claims,) the office is one of indispensable daily necessity, for such securities have no le■gal efficacy until, and only from, registration. Rev. Stat. c. 37, s. 24.
 
 Fleming
 
 v.
 
 Burgin,
 
 2 Ired. Eq. 584. The Legislature, sensible of the deep concern the business of the Couptry had, that the office of register should be constantly filled, has endeavoured to make provisions to that end, which it was supposed, would be completely effectual.
 

 It confers the power of appointing on the County Court of each County, which sits four times a year; and imposes it on that body, as a duty, to make the appointment from time to time, when the office may become vacant, by the expiration of the time, for which an appointment was before made, or by death, resignation, or otherwise. More than that, it is enacted, Rev. St. c. 98, that if a vacancy shall arise in this office by death or otherwise, in the interval between the County Courts, three justices of the peace may appoint a register and take his bond and swear him in, and that the person so appointed “ shall hold the office until an appointment shall be made by the County Court.” When the general necessity for this office is considered, and the Legislative anxiety to have one at all times provided is thus seen, the community has a right to expect that the office will be applied for, and that those, who have the power, will confer it on some persons. And when the same person is seen in the continued and undisturbed exercise of the office, rightfully beginning beyond a doubt, and continuing for fourteen years, and embracing services for nearly every man in the County, probably, and for many of the citizens numerous acts of service, such a possession of such an'office cannot be treated as wrongful and illegal, so as to make his official acts void as between third persons, without violating the public faith, apparently plighted to the citizen, that this person is rightfully in office, and without visiting with the most ruinous consequences a mistake of the party, which
 
 *372
 
 was induced by the acquiescence of the public authorities themselves, in. the alleged usurpation of one of the public offices. We are happy in finding a well settled and ancient ruje q£ jaWj which enables and requires us to prevent such private losses and general mischief.
 

 Per Curiam, Judgment reversed and
 
 venire de novo.